**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | |
| | : | CIVIL ACTION NO. |
| v. | : : | 5:01-CV-0251-1 HL |
| DARRELL WALKER PERSONNEL STAFFING, | : : : : | |
| Defendant. | : : | |

## CONSENT DECREE

### INTRODUCTION

This action originated with a Complaint filed by Plaintiff, Equal Employment Opportunity Commission ("EEOC"), on June 29, 2001. The EEOC alleged, inter alia, that Defendant Darrell Walker Personnel Staffing ("Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, by hiring Harriett Bennett under different terms and conditions of employment than similarly situated non-black employees, paying Ms. Bennett less than similarly situated non-black employees, and terminating Ms. Bennett because of her race, black. This Court has jurisdiction over the subject matter of this action and over the parties to this action.

In its Complaints, Plaintiff sought make-whole relief including, but not limited to, reinstatement and/or front pay, back pay, compensatory damages, punitive damages, and injunctive and other affirmative relief. Defendant filed its Answer to the EEOC's Complaint on or about July 22, 2001, denying the allegations made by the EEOC. Defendant disputes and

denies any liability in this matter.

The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and the charge of discrimination filed with the EEOC by Ms. Bennett. They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity. This Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

Now, therefore, this Court, being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## II. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree, and the undertakings made by Defendant hereunder, are in settlement and compromise of a claim of alleged discrimination, the validity of which is denied by Defendant. Neither the negotiation, execution, nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by Defendant that its officers, agents or employees have violated or have not been in compliance with Title VII or any other applicable law, regulation or order.

### III. NON-DISCRIMINATION AND NON-RETALIATION

Defendant agrees that it, including its officers, agents, managers (including supervisory employees), successors or assigns, and all those in active concert or participation with them, will not retaliate against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree.

### IV. TRAINING

Defendant states that it has closed all locations in Georgia. Because of these closures, Defendant is relieved from adhering to the provisions found in this section ("IV. Training"). Should Defendant open another store in Georgia before July 1, 2004, Defendant will send written notification of such fact to S. Robert Royal, Regional Attorney, Equal Employment Opportunity Commission - Atlanta District Office, 100 Alabama Street, S.W., Suite 4R30, Atlanta, Georgia 30303. Defendant's notice to the Regional Attorney will include the address of the new location.

Should Defendant open another store in Georgia before July 1, 2004, Defendant will also be required to adhere to the following terms of this section:

(i) Defendant will develop and present to all of its managers and supervisors working at facilities located in Georgia at least three (3) hours of mandatory EEO training, including but not limited to training addressing the issue of race discrimination, the cost of which shall be borne by Defendant. The training will take place within sixty (60) days after entry of this Consent Decree or the opening of any location in Georgia;

(ii) The training described in the preceding paragraph shall be provided by an experienced employment law attorney, employment diversity educator(s) and/or investigator(s), and shall

educate the employees about, <u>inter alia</u>, the problems of race discrimination in the workplace; and

(iii) Within ninety (90) days from February 1, 2003, or from the date of any opening of any location in Georgia, provided this Consent Decree has been entered, Defendant shall certify to the EEOC, in writing, that the training has been completed.  The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, names and job titles of employees who did not attend and the reason(s) for non-attendance, length of training, training topics and any other pertinent information about the training.  The certification should be sent to:  S. Robert Royal, Regional Attorney, Equal Employment Opportunity Commission - Atlanta District Office, 100 Alabama Street, S.W., Suite 4R30, Atlanta, Georgia 30303.

## V.  REPORTING AND RECORDS

Defendant states that it has closed all locations in Georgia.  Because of these closures, Defendant is relieved from adhering to the provisions found in this section ("V. Reporting and Records").  Should Defendant open another store in Georgia before July 1, 2004, Defendant will send written notification of such fact to S. Robert Royal, Regional Attorney, Equal Employment Opportunity Commission - Atlanta District Office, 100 Alabama Street, S.W., Suite 4R30, Atlanta, Georgia 30303.  Defendant's notice to the Regional Attorney will include the address of the new location.

Should Defendant open another store in Georgia before July 1, 2004, Defendant will also be required to adhere to the following terms of this section:

Defendant shall report in written affidavit form to the EEOC, on or shortly before July 1,

2003, January 1, 2004, and July 1, 2004, each and every report or complaint (whether made orally or in writing, formally or informally) of race discrimination received by Defendant in any of its facilities located in Georgia during the term of this Consent Decree. For each such report or complaint, Defendant shall state the following:

    (a)    The date of the complaint or report,

    (b)    The name of the person making the complaint or report,

    (c)    The name and title of the person against whom the complaint or report was made,

    (d)    The nature of the complaint or report,

    (e)    The name and title of the official of Defendant's who learned of the complaint or report,

    (f)    What, if any, action was taken by Defendant in response to the complaint or report (e.g. employee discipline), and

    (g)    A detailed narrative of how the complaint or report was resolved by Defendant.

## VI. POSTING

Defendant states that it has closed all locations in Georgia. Because of these closures, Defendant is relieved from adhering to the provisions found in this section ("VI. Posting"). Should Defendant open another store in Georgia before July 1, 2004, Defendant will send written notification of such fact to S. Robert Royal, Regional Attorney, Equal Employment Opportunity Commission - Atlanta District Office, 100 Alabama Street, S.W., Suite 4R30, Atlanta, Georgia 30303. Defendant's notice to the Regional Attorney will include the address of the new location.

Should Defendant open another store in Georgia before July 1, 2004, Defendant will post the notice, expressing Defendant's support of and compliance with the federal laws enforced by

the EEOC, attached as Exhibit 1 for a period of eighteen (18) months in any and all locations in Georgia. The notice shall be posted on centrally located bulletin boards in all of Defendant's facilities located in Georgia until such time as said facilities cease to operate in Georgia.

Defendant will fulfill the posting requirement within fifteen (15) days of entry of this Consent Decree or the date of opening of any location in Georgia and shall certify to the EEOC, in writing, that the posting has been accomplished within thirty (30) days of entry of this Consent Decree or within thirty (30) days the date of opening of any location in Georgia. Defendant will monitor the notices and replace any notice that is defaced, removed or otherwise altered within ten (10) days after learning of any of these conditions.

## VII. REFERENCES

Defendant agrees that if it receives inquiries from persons or prospective employers seeking a reference or other employment-related information regarding Ms. Bennett, that it shall provide no less than a neutral reference, citing the dates of employment and the position(s) held. Defendant will make no mention to persons or prospective employers seeking a reference of the fact that Ms. Bennett filed a charge of discrimination or that the EEOC and Ms. Bennett filed this lawsuit.

## VIII. ENFORCEMENT

The EEOC will attempt to resolve any dispute regarding the enforcement of the Consent Decree by informal mediation and consultation. Before seeking enforcement through the judicial process, the EEOC will notify Defendant in writing by certified mail to Darrell Walker, P.O. Box 230298, Montgomery, Alabama 36123 and 2817 Barksdale Lane, Antioch, Tennessee 37013, if it has reason to believe that any action or omission by Defendant is in violation of the Consent

Decree.

Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the EEOC, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of Defendant's report, the EEOC concludes that the deficiency has not been satisfactorily cured by Defendant, the EEOC shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation and mediation process, then the EEOC may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any other matter which occurred during the term of this Decree and which constitutes a dispute as contemplated by this section from being fully and completely processed in the manner described in this section, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## IX. COMPLIANCE OFFICIAL

Defendant shall designate a compliance official who shall be responsible for compliance with this Consent Decree, and also responsible for coordinating and overseeing Defendant's compliance with this Consent Decree.

## X. TERMS OF DECREE - PERIOD OF JURISDICTION

Defendant states that it has closed all locations in Georgia. Because of these closures, Defendant is relieved from adhering to the provisions found in Sections IV ("Training"), V ("Reporting and Records"), and VI ("Posting").

If, however, Defendant opens another store in Georgia before July 1, 2004, this Consent Decree will continue to be effective and binding upon the parties to this action for a period of eighteen (18) calendar months from January 31, 2003, or the date on which Defendant opens a new store in Georgia.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for the term of this Decree, unless the Court acts or the EEOC has, prior to the expiration of said term, moved to enforce compliance with the Consent Decree. If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the term of this Decree have been resolved.

## XI. OTHER ACTIONS

The EEOC shall not commence or prosecute against Defendant any action or other proceeding arising out of EEOC Charge Number 110A00843, the investigation of that charge, or this lawsuit. This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence and prosecute civil actions pursuant to Title VII of the Civil Rights Act of 1964, as amended (or any other statutes enforced by the EEOC) on any such charges, and to continue the prosecution of existing lawsuits against Defendant in other jurisdictions, if any. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the

Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto.

## XII. COSTS AND ATTORNEY FEES

The EEOC and Defendant shall each bear their own respective costs and attorney's fees for this action. The parties hereto and undersigned attorneys of record for the EEOC and Defendant in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

S. ROBERT ROYAL
Regional Attorney, Georgia Bar Number: 617505
AMY ELIZABETH LOGGINS
Trial Attorney, Georgia Bar Number: 097862

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6817
(404) 562-6905 (fax)

Counsel for Plaintiff Equal Employment Opportunity Commission


DARRELL WALKER
Representative for Defendant
P.O. Box 230298
Montgomery, Alabama 36123
and
2817 Barksdale Lane
Antioch, Tennessee 37013
(615) 319-2793

APPROVED AND ENTERED THIS  6  day of  Feb. , 2003.

_____
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

ENTERED ON DOCKET
 2-6 , 20 03
Gregory J. Leonard, Clerk
_____
Deputy Clerk

<u>Exhibit 1</u>

## DARRELL WALKER PERSONNEL STAFFING

## NOTICE OF NON-DISCRIMINATION AND NON-RETALIATION

TO: **ALL EMPLOYEES OF DARRELL WALKER PERSONNEL STAFFING FACILITIES LOCATED IN GEORGIA**

This Notice is being posted pursuant to a Consent Decree reached between Darrell Walker Personnel Staffing and the United States Equal Employment Opportunity Commission to resolve a discrimination charge filed against the Company. The Company denies the allegations contained in the Complaint.

The United States Equal Employment Opportunity Commission is responsible for enforcing several federal employment discrimination statutes: Title VII of the Civil Rights Act of 1964, as amended, which prohibits employment discrimination based on race, color, religion, sex, or national origin; the Age Discrimination in Employment Act, as amended; the Equal Pay Act, as amended; and the Americans with Disabilities Act. Federal law also prohibits retaliation against any employee or applicant who files a charge of discrimination, who cooperates with an investigation of a charge, who benefits from a charge settlement, or who opposes conduct that violates any of the above statutes.

Darrell Walker Personnel Staffing supports and complies with the laws enforced by the EEOC.

This Notice will remain posted for eighteen (18) months.

Signed this _27_ day of _Jan_____, 200_3_.

Darrell Walker Personnel Staffing

_[signature: Darrell Walker]_

DO NOT REMOVE THIS NOTICE UNTIL _____.